ORIGINAL

FILED
FEB 1 5 2007
U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

**EULA C. McNEIL,**

Plaintiff,

v.

**THE UNITED STATES, et al**

Defendant.

Case No. 06-804L
Senior Judge Smith
Filed: February 14, 2007

## COMPLAINT FOR INVERSE CONDEMNATION

TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:

COMES NOW Eula C. McNeil, Plaintiff, and files this, her Complaint for Inverse Condemnation, and in support hereof would show unto the Court the following:

1.

That Plaintiff, Eula C. McNeil, is an adult resident citizen of Adams County, Mississippi.

2.

That Defendant, Adams County Mississippi Board of Supervisors, is a body politic consisting of members who are elected by the voters of Adams County, Mississippi to manage and operate the business matters of Adams

County, Mississippi and who can be served with process by service upon its President and/or its attorney.

3.

That Defendant, United States of America, acting by and through the United Stated Department of Agriculture, Natural Resources Conservation Service, can be served with process by service upon the United States attorney.

4.

That Defendant, Second Creek Watershed Drainage District, can be served with process by service upon its President, Floyd Arnold, Jr.

5.

That by Assumption Warranty Deed dated August 12, 1988, and filed of record in Deed Book 17-X, Page 709, in the office of the Chancery Clerk of Adams County, Mississippi, the Plaintiff, Eula C. McNeil and John C. McNeil, Jr., were conveyed, as tenants in the entirety, with full right of survivorship, five (5) acres, more or less, of real property and home located thereon at 750 Kingston Road, Natchez, Mississippi. The said John C. McNeil, Jr., is deceased and the property is now owned by Plaintiff, Eula C. McNeil. A copy of said Assumption Warranty Deed is attached hereto as Exhibit "A".

6.

That for many years prior to the acts herein referred to, the Plaintiff has enjoyed the free and convenient use of her property.

7.

That over the past years the Defendant, Adams County Board of Supervisors and/or Defendant, United States of America, acting by and through the United States Department of Agriculture, Natural Resources Conservation Service and/or Defendant, Second Creek Watershed Drainage District, have constructed and maintained watershed dams pursuant to a Natural Resources Conservation Service Emergency Watershed Protection project which has resulted in a large amount of silt deposits in the creek bottom of Town Creek. These silt deposits have, in turn and over time, reduced the carrying capacity of Town Creek causing a rise in the elevation of the Town Creek water level, as well as causing the water to spread out further from the centerline of Town Creek.

8.

That the Defendant, Adams County Board of Supervisors and/or Defendant, United States of America, acting by and through the United States Department of Agriculture, Natural Resources Conservation Service and/or Defendant, Second Creek Watershed Drainage District, have constructed and

maintained the Town Creek bridge which has resulted in an increase in the water flow downstream from said bridge thereby creating an increase in the amount of silt deposits in the creek bottom of Town Creek. These silt deposits have, in turn and over time, reduced the carrying capacity of Town Creek causing a rise in the elevation of the Town Creek water level, as well as causing the water to spread out further from the centerline of Town Creek.

9.

That Plaintiff's home is located approximately one hundred and fifty (150) yards from Town Creek. Prior to the acts of Defendants in constructing and maintaining the watersheds, Plaintiff peacefully enjoyed her property. From and after the acts of Defendants in constructing and maintaining the watersheds, Plaintiff's property is now subject to flooding during periods of heavy rainfall and the value of Plaintiff's property has greatly depreciated.

10.

That Defendants have not paid Plaintiff nor offered to compensate Plaintiff in any way for the loss in value of her property.

11.

That the Seventh Amendment to the United States Constitution provides, inter alia, as follows: **"No person shall be....deprived of life, liberty or property, without due process of law; nor shall private property be taken for public use, without just compensation."**

12.

That Article 3, Section 17 of the Mississippi Constitution provides, inter alia, as follows: **"Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof....."**

13.

That the aforesaid acts of the Defendants have resulted in the flooding of Plaintiff's property and thereby constitute a "deprivation of property" and/or a "taking or damaging" of Plaintiff's property and for which compensation if due to Plaintiff.

14.

That Plaintiff demands compensation for the taking and/or damage to Plaintiff's property, including, but not limited to, the following:

a. acquisition and replacement costs;

b. additional payments as authorized by section 43-39-7, Mississippi Code Annotated, 1972, section 43-39-9, Mississippi Code Annotated, 1972, section 43-39-11, Mississippi Code Annotated, 1972;

c. all reimbursements authorized by section 43-37-9, Mississippi Code Annotated, 1972, including reasonable costs, disbursements and expenses, including, reasonable attorney, appraisal and engineering fees; and

d. all amounts recoverable under the Uniform Relocation Assistance and Real Property Acquisition Act of 1970.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that her Complaint for Inverse Condemnation be received and filed and that after a hearing this court will enter an order granting unto the Plaintiff the relief as herein above set forth. Plaintiff further prays for whatever further relief, general and/or specific, to which she may be entitled.

**EULA C. MCNEIL,**
**Defendant**

BY: ______________________________
**JOSEPH B. MOFFETT**
P. O. Box 1060
Fayette, MS 39069
(601) 786-6605

STATE OF MISSISSIPPI

COUNTY OF ADAMS 709

ASSUMPTION WARRANTY DEED

**FOR AND IN CONSIDERATION** of the sum of Ten Dollars ($10.00), cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of which is hereby acknowledged, and further in consideration of the assumption by the grantees herein named of the balance due and owing on the indebtedness secured by, and the terms and conditions of that certain Deed of Trust made by Theodore E. Brunner and Jeanne A. Brunner, husband and wife, in favor of Kathy W. Wisner, Trustee, and Betty Jane Berryhill Harrell, et al, Beneficiaries, dated the 23rd day of December, 1987, and recorded in Deed of Trust Book 418, at page 282, among the land records on file in the office of the Chancery Clerk of Adams County, Mississippi, we, **THEODORE E. BRUNNER** and **JEANNE A. BRUNNER**, husband and wife, do hereby sell, convey and warrant, subject to the Deed of Trust hereinabove mentioned and to the reservations, exceptions and restrictions hereinafter contained or referred to, unto **JOHN C. McNEIL, JR.** and **EULA C. McNEIL**, husband and wife, as tenants by the entirety with right of survivorship, and not as tenants in common, the following described real property lying, being and situate in the County of Adams and State of Mississippi, together with all buildings and improvements thereon, and more particularly described as follows, TO-WIT:

> Being ten (10) acres of land formerly a part of Magnolia Plantation which said Magnolia Plantation was conveyed to Johns-Manville Products Corporation by George W. Armstrong by deed dated June 13, 1950 and recorded in Deed Book 6-K, Page 368, of the deed records of Adams County, Mississippi, and to which deed reference is here made for a more particular description of said Magnolia Plantation, and for any and all

EXHIBIT "A"

purposes. The said ten acres is fully described in a deed from Johns-Manville Products Corporation to M. N. Brewer dated December 6, 1950 and to which deed is attached as an exhibit thereto a map or plat of said ten acre tract and to which map reference is here made for a more particular description, and for any and all purposes.

Being the same property conveyed to Ellis E. Berryhill and Jesse L. Berryhill by M. N. Brewer by deed dated January 16, 1951, and recorded in Deed Book 6-O, page 193, of the deed records of Adams County, Mississippi, and to which said deed reference is here made for all purposes, and by deed dated February 1, 1960, recorded in Deed Book 8-W, Page 132, of said records, the said Jesse L. Berryhill conveyed his right, title and interest in said property, being a one-half interest, to Ellis E. Berryhill and Olive Maxine Berryhill.

**LESS AND EXCEPT:**

Beginning at the most northerly corner of the above 10 acre tract, go along the boundary of said 10 acre tract, S 45 degrees 00' W for 676.5 feet and S 45 degrees 00' E for 511.33 feet; thence N 14 degrees 17' E for 602.14 feet; thence N 45 degrees 00' E for 147.31 feet to the center of Old Kingston Road, being the northeasterly boundary of above mentioned 10 acre tract; thence along the center of Old Kingston Road, N 51 degrees 00' W for 68.37 feet and N 38 degrees 30' W for 141.24 feet to the point of beginning. Said tract hereby excepted contains 5.0 acres, more or less, and it is a portion of Magnolia Plantation, situated in Section 11, T5N-R2W, Adams County, Mississippi.

A map or plat of said herein described and conveyed property, being Tract B on said map, is attached to that certain Warranty Deed from Mrs. Betty Jane Berryhill Harrell, Individually and as Conservator of the Estate of Mrs. Olive Maxine Berryhill, and Linda King Berryhill Cross, Guardian of the estate of Dannette Denise Berryhill, a minor, to Theodore E. Brunner and Jeanne A. Brunner, husband and wife, dated December 23, 1987, recorded in Deed Book 17-U, at page 194, among the records on file in the office of the Chancery Clerk of Adams County, Mississippi.

**NOTWITHSTANDING** the warranty herein contained, this conveyance and the warranty hereof are subject, all and singular, to all of the restrictions, easements and other limitations contained in that certain deed from Johns-Manville Products Corporation to M. N. Brewer dated December 16, 1950 and recorded in Book 6-O, at page 187, of the Adams County deed records, special reference to said deed being hereby made for all purposes, and also are subject to the reservation of all minerals in that certain deed from George W. Armstrong to Johns-Manville Products Corporation dated June 13, 1950, and recorded in Deed Book 6-K, at page 368, of the deed records of Adams County, Mississippi, reference to said deed being hereby made for all purposes.

**FURTHER NOTWITHSTANDING** the warranty hereof, this conveyance and said warranty are subject to the lien of ad valorem taxes owed to the County and State for the year 1988, which taxes, when due, shall be prorated as of the date of this conveyance between the grantors and grantees.

The grantees have joined in the execution of this instrument to evidence their assumption of the indebtedness and the terms and conditions of the Deed of Trust hereinabove referred to.

**WITNESS** the signatures of the grantors and grantees, this the 12th day of August, 1988.

[signature]
THEODORE E. BRUNNER - GRANTOR

[signature]
JEANNE A. BRUNNER - GRANTOR

[signature]
JOHN C. McNEIL, JR. - GRANTEE

[signature]
EULA C. McNEIL - GRANTEE

STATE OF MISSISSIPPI 711

COUNTY OF ADAMS

Personally came and appeared before me, the undersigned authority in and for the County and State aforesaid, the within named **THEODORE E. BRUNNER** and **JEANNE A. BRUNNER**, husband and wife, who acknowledged that they signed, executed and delivered the within and foregoing instrument of writing for the purpose therein expressed, as their free and voluntary act and deed, on the day and year therein mentioned.

GIVEN under my hand and official seal on this the 12th day of August, 1988.

Ella Ruth Seale
NOTARY PUBLIC

MY COMMISSION EXPIRES:
June 20, 1990

STATE OF MISSISSIPPI

COUNTY OF ADAMS

Personally came and appeared before me, the undersigned authority in and for the County and State aforesaid, the within named **JOHN C. McNEIL, JR.** and **EULA C. McNEIL**, husband and wife, who acknowledged that they signed, executed and delivered the within and foregoing instrument of writing for the purpose therein expressed, as their free and voluntary act and deed, on the day and year therein mentioned.

GIVEN under my hand and official seal on this the 12th day of August, 1988.

712

Eva Ruth Seale
NOTARY PUBLIC

MY COMMISSION EXPIRES:

June 20, 1990

**GRANTORS:**

Theodore E. & Jeanne A. Brunner
2 Gloucester Court
Natchez, Mississippi 39120
Telephone: 601/442-9480

**GRANTEES:**

John C. & Eula C. McNeil, Jr.
Route 1, Box 295
Natchez, Mississippi 39120
Telephone: 601/446-7549

STATE OF MISSISSIPPI,
ADAMS COUNTY

I, THOMAS J. O'BEIRNE, Clerk of the Chancery Court of said County, hereby certify that the foregoing instrument of writing was filed in my office for record on the 15 day of August, 19 88 at 9:57 o'clock A M., and duly recorded in DEED Book No. 17X Page 709.

WITNESS my hand and Seal of said Court, this 15 day of August, 19 88.

B/m m+m

THOMAS J. O'BEIRNE, Clerk
Lisa Whitton, D.C.