**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **EULA C. McNEIL,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 06-804 L** |
| | ) | |
| **v.** | ) | **Hon. Loren A. Smith** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ANSWER**

Defendant, the United States of America, in answer to plaintiff's complaint, hereby admits, denies and avers as follows:

1. To the extend that paragraph 1 identifies the plaintiff, no response is required. Defendant is without sufficient knowledge as to the truth of the remaining allegations of paragraph 1, and said allegations are therefore denied.

2. Defendant is without sufficient knowledge as to the truth of the allegations of paragraph 2, and said allegations are therefore denied. Defendant avers that the United States is the only proper defendant before this Court.

3. Defendant admits that the United States Department of Agriculture ("USDA") is an agency of the United States and that the Natural Resources Conservation Service is a component of the USDA. Defendant denies that service of process on matters before this Court may be effected through the United States Attorney.

4. Defendant is without sufficient knowledge as to the truth of the allegations of paragraph 4, and said allegations are therefore denied. Defendant avers that the United States is

the only proper defendant before this Court.

5. Defendant is without sufficient knowledge as to the truth of the allegations of paragraph 5, and said allegations are therefore denied. Defendant avers that Exhibit A to plaintiff's complaint is the best evidence of its content.

6. Defendant is without sufficient knowledge as to the truth of the allegations of paragraph 6, and said allegations are therefore denied.

7. Defendant admits that the USDA, acting through the Natural Resources Conservation Service, constructed and maintained Flood Water Retarding Structure Number 12 in the Second Creek Watershed. Defendant is without sufficient knowledge as to the truth of the remaining allegations of paragraph 7, and said allegations are therefore denied.

8. Defendant denies that it constructed or maintains the Town Creek Bridge. Defendant is without sufficient knowledge as to the truth of the remaining allegations of paragraph 8, and said allegations are therefore denied.

9. Defendant is without sufficient knowledge as to the truth of the allegations of paragraph 9, and said allegations are therefore denied.

10. Defendant admits that it has not paid plaintiff compensation. Defendant denies that plaintiff is due just compensation. Defendant is without sufficient knowledge as to the truth of the remaining allegations of paragraph 10, and said allegations are therefore denied.

11. Defendant denies that the Seventh Amendment to the United States Constitution contains the language quoted in paragraph 11. However, Defendant avers that the Fifth Amendment to the United States Constitution does contain the language quoted in paragraph 11 and is the best evidence of its content.

12. Defendant admits that plaintiff accurately quotes the Article 3, Section 17 of the Mississippi Constitution, which is the best evidence of its content. However, Defendant avers that this Court's jurisdiction does not extend to claims arising under the Mississippi Constitution.

13. Defendant is without sufficient knowledge as to the truth of the allegations of paragraph 13, and said allegations are therefore denied. Defendant specifically denies the legal conclusion that there has been a taking or deprivation of plaintiff's property by the United States.

14. Paragraph 14 contains plaintiff's prayer for relief, to which no response is required. Defendant denies that plaintiff can obtain any recovery in this Court pursuant to the Mississippi Code sections referenced in paragraph 14.

The final unnumbered paragraph of the complaint continues plaintiff's prayer for relief, to which no response is required.

All other allegations of the complaint which have not been specifically admitted or otherwise denied are hereby denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint does not state a claim upon which relief can be granted.

2. Plaintiff's claim is barred by the applicable statute of limitations, 28 U.S.C. § 2501.

Dated: April 16, 2007.

Respectfully submitted,
MATTHEW J. MCKEOWN
Assistant Attorney General
Environment and Natural Resources Division

s/ Mark T. Romley

Mark T. Romley
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0458
Fax: (202) 305-0274